IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

L. V.,[1]

        Plaintiff,

v.                                      Case No. 19-2337-JWB

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff filed this action for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits and supplemental security income. The matter is fully briefed by the parties and the court is prepared to rule. (Docs. 6, 11, 12.) The Commissioner's decision is AFFIRMED for the reasons set forth herein.

**I.**     **Standard of Review**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The Commissioner's decision will be reviewed to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence as a reasonable mind might accept to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

---

[1] Plaintiff's initials are used to protect privacy interests.

Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. *Glenn*, 21 F.3d at 984.

The Commissioner has established a five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520; *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). At step two, the agency will find non-disability unless the claimant shows that he or she has a severe impairment. At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. *Id*. at 750-51. If the claimant's impairment does not meet or equal a listed impairment, the agency determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. § 404.1520(a)(4); § 404.1520(f), (g). At step four, the agency must determine whether the claimant can perform previous work. If a claimant shows that he cannot perform the previous work, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the

2

claimant is capable of performing other jobs existing in significant numbers in the national economy. *Barnhart v. Thomas*, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. *Id.*; *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. *Thompson*, 987 F.2d at 1487.

## II.     Background and Procedural History

In May 2016, Plaintiff made her current application for disability insurance benefits under Title II of the Social Security Act. (R. at 201.) As of the onset date, Plaintiff was 44 years of age. Plaintiff's claims were administratively denied both initially and upon reconsideration, prompting her to request a hearing before an Administrative Law Judge (ALJ). A hearing was held on April 24, 2018 and an unfavorable decision was issued in August 2018. Plaintiff exhausted her administrative remedies and has now appealed to this court.

At step one, the ALJ found Plaintiff has not been engaged in substantial gainful activity since the alleged onset date. (R. at 19.) At step two, the ALJ found Plaintiff suffered from the following severe impairments: obesity, ankle and bilateral sacroiliac joint arthritis, anxiety, post-traumatic stress disorder, gender identity disorder, mild lumbar spondylosis, and hearing loss. (*Id.*) At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or exceeded any impairment listed in the regulations. (R. at 20.)

The ALJ next determined that Plaintiff has the RFC to perform sedentary work, as defined in the regulations; she can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; can occasionally balance and stoop, but never kneel, crouch, or crawl; should work in a

temperature controlled environment with no loud background noise; should avoid concentrated exposure to unprotected heights, excessive vibrations, and hazardous machinery; is limited to unskilled, routine, repetitive tasks; should have no contact with the public as part of the job, and no more than occasional contact with co-workers; and should not be required to perform what would be considered high production rate jobs, though low and medium rate jobs would be acceptable.  (R. at 23.)

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work.  (R. at 28.)  Finally, at step five, the ALJ found that given Plaintiff's age, education, work experience, and the RFC, there were three sedentary jobs in the national economy in significant numbers that she could perform, including: semiconductor assembler (DOT 726.685-066), printed circuit board inspector (DOT 726.684-110), and lens inserter (DOT 713.687-026).  (R. at 28-29.)

### III.   Analysis

Plaintiff claims the ALJ erred in his RFC finding by not incorporating work-related limitations that considered Plaintiff's mental limitations, and, in turn, impermissibly relied upon vocational expert testimony.  However, the ALJ's mental RFC finding is supported by substantial evidence and adequately accounts for Plaintiff's mental limitations to the extent that the record supported them.  Accordingly, the vocational expert relied upon the proper RFC when answering the ALJ's hypothetical questions concerning Plaintiff's ability to find work.

Here, contrary to Plaintiff's assertion, the ALJ's decision shows that he considered the objective medical evidence, Plaintiff's statements and statements from other individuals, and other factors under the regulation, 20 C.F.R. 404.1529(c).  (R. at 23-28.)  The ALJ gave some credit to Plaintiff's testimony but stated that the intensity, persistence and limiting effects of her symptoms

are not entirely consistent with the evidence. The ALJ then discussed the evidence and cited to the medical record.

Following a review of Plaintiff's records, state agency psychologist Dr. Schulman opined that Plaintiff was not significantly limited in the areas of: understanding, remembering, and carrying out very short and simple instructions; maintaining attention and concentration for extended periods; sustaining an ordinary routine without special supervision; working in coordination with or in proximity to others without distraction or exhibiting behavioral extremes; making simple work-related decisions; accepting instructions and responding appropriately to criticism from supervisors; with no adaptive limitations. (R. at 76-78.) Dr. Schulman noted Plaintiff reported difficulty with concentration and getting along with others but found her "limitations secondary to mental issues [are] partially symptom consistent" and that claimant is capable of 3-4 step instructions and tasks with "occasional social interaction." (*Id*.) In support of his findings, Dr. Schulman referenced multiple records reporting Plaintiff's mental status was within normal limits and demonstrated an intact memory with a "linear and coherent thought process." (R. at 72-73.)

On reconsideration of Dr. Schulman's opinion, state agency psychologist Dr. Brandon noted Plaintiff's "mental status functioning has consistently been within normal limits" and the claimant has reported "increased use of techniques in therapy and related increased skills managing anxiety." (R. at 88.) Further, Dr. Brandon affirmed Dr. Schulman's previous opinion as written. (*Id*.) In according "significant weight" to the opinions of Dr. Schulman and Dr. Brandon, the ALJ found both were based upon "comprehensive reviews of the record, including the claimant's longitudinal medical history and self-reported daily activities." (R. at 27.) Despite this, the ALJ

noted that any deviation "from the conclusions of the State agency consultants" was due to him giving "some limited credence to the claimant's otherwise unsubstantiated allegations." (*Id.*)

The ALJ also considered Plaintiff's daily activities in discounting the severity of her symptoms. 20 C.F.R. § 404.1529(c)(3)(i) (the ALJ is to consider activities of daily living when assessing Plaintiff's symptoms). The ALJ found that Plaintiff reported significant activities of daily living, which included leaving her home independently, reading, writing, painting, working on cars and motorcycles, gardening, and the ability to manage her own finances. (R. at 21-22.) Notably, Plaintiff traveled to New Mexico over the July 4, 2016 holiday and, further, completed work on her first book in June 2016 before beginning work on her second book the same month. (*Id.*) Evidence in the record thus supports the ALJ's decision to discount the severity of Plaintiff's symptoms.

Additionally, the ALJ cited to a significant number of medical records that reported normal findings during mental status examinations. (R. at 25.) Indeed, the ALJ noted "the most significant, psychologically-based abnormalities with which she has presented are an anxious and depressed mood." (*Id.*) This supports the ALJ's decision to discount the severity of Plaintiff's symptoms.

Notwithstanding the substantial evidence supporting the ALJ's RFC finding, Plaintiff maintains the ALJ did not consider her work-related mental impairments due to his earlier "paragraph B" findings[2] and resulting limitation to unskilled work.[3] The court concludes the ALJ

---

[2] The phrase "paragraph B" refers to the functional criteria used to assess mental disorders in paragraph B of each listing for mental disorders set forth under Listing 12.00 of Title 20 of the Code of Federal Regulations, Part 404, Subpart B, Appendix 1. *See* 20 C.F.R. Pt. 404, Subpt P, App. 1, Listing 12.00A(2)(b). Claimant's degree of impairment in the "paragraph B" broad functional areas is assessed at step three of the sequential evaluation process to determine whether the claimant's mental impairment is severe and satisfies an adult mental disorder listing. *Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013); *see also* 20 C.F.R. § 404.1520a(d)(1)-(2).

[3] Plaintiff seems to argue the ALJ is bound to incorporate these "paragraph B" findings into his RFC. However, the Tenth Circuit has repeatedly rejected this notion. *See Bales v. Colvin, 576 F.Appx.* 792, 798 (10th Cir. 2014); *Beasley*, 520 F.Appx. at 754 n.3.

adequately accounted for Plaintiff's work-related mental impairments by limiting Plaintiff to unskilled work. The basic mental demands of unskilled work require—on a sustained basis: (1) understanding, remembering, and carrying out simple instructions; (2) making judgments commensurate with the functions of unskilled work (simple work-related decisions); (3) responding appropriately to supervision, co-workers, and usual work situations; and (4) dealing with changes in a routine work setting. *See* SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996). The Tenth Circuit recognizes that an ALJ may sometimes account for moderate limitations by limiting claimants to unskilled work. *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015); *see also Bales*, 576 F.Appx. at 798.

Here, as in *Vigil* and *Bales*, the ALJ found moderate limitations in his earlier "paragraph B" findings; then, in his RFC assessment limited the Plaintiff to unskilled work. *Vigil*, 805 F.3d at 1203; *Bales*, 576 F.Appx. at 797. The Tenth Circuit upheld the restrictions to unskilled work because "a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." *Vigil*, 805 F.3d at 1203; *Bales*, 576 F.Appx. at 797. Despite being unable to perform complex tasks, the ALJ found that Vigil retained sufficient memory and concentration to perform at least simple tasks. *Vigil*, 805 F.3d at 1203. Thus, the ALJ accounted for the claimant's moderate problems in concentration, persistence, and pace by limiting him to unskilled work. *Id.* at 1204. While the court acknowledged "there may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations," this is not such a case. *Id.*

In this case, by limiting Plaintiff to unskilled work, the ALJ was able to account for all mental limitations as noted in Dr. Schulman's and Dr. Brandon's reviewing opinions and the ALJ's own findings throughout the record. Unskilled work only requires the ability to understand,

7

remember, and carry out simple instructions, which the Plaintiff is capable of performing. SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996). Despite the state agency consultants noting moderate limitations in Plaintiff's ability to remember detailed instructions, carry out detailed instructions, and interact appropriately with the public, "unskilled work does not require these abilities." *Nelson v. Colvin*, 655 F.Appx. 626, 629 (10th Cir. 2016). Indeed, as discussed above, both Dr. Schulman and Dr. Brandon specifically found Plaintiff capable of all unskilled work functions, which the ALJ essentially adopted into his own RFC findings. Therefore, the court finds that the ALJ's evaluation of Plaintiff's impairments in developing the RFC, specifically Plaintiff's work-related mental functions, was consistent with the regulations and case law, and was supported by substantial evidence. Although there may be evidence which lends support to Plaintiff's position, the court is not to reweigh the evidence.

This court must affirm an ALJ's decision if substantial evidence supports that decision. *See Tarpley*, 601 F. App'x. at 643. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.* That much exists in this case.

**IV.   Conclusion**

The Commissioner's decision is AFFIRMED. The clerk is directed to enter judgment in accordance with this order.

IT IS SO ORDERED this 9th day of November, 2020.

                                                __s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE